**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

ROBERT BLANCHARD,

     Plaintiff,

v.                                                 Civ. No. 24-900 KWR/GJF

CITY OF HOBBS and LEA COUNTY
BOARD OF COUNTY COMMISSIONERS,

     Defendants.

<u>**SCHEDULING ORDER**</u>

The Court held a telephonic Rule 16 scheduling conference on April 10, 2025.  The Joint Status Report and Provisional Discovery Plan [ECF 23] is adopted as an order of the Court subject to the modifications set forth below.

**IT IS ORDERED** that the parties shall adhere to the following discovery amounts and case management deadlines:

(a) Maximum of twenty-five (25) interrogatories, twenty-five (25) requests for admission, and twenty-five (25) requests for production from each party to any other party. Responses shall be served within thirty (30) days.

(b) Maximum of ten (10) depositions per side.  Each deposition (other than a party or expert) is limited to maximum of four (4) hours unless extended by agreement among all counsel.  Depositions of parties and experts are limited to seven (7) hours unless extended by agreement of all counsel.

(c) Deadline to move to amend pleadings
and join parties:                    **April 28, 2025**, for Plaintiff
                                     **May 27, 2025**, for Defendants

(d) Expert report deadline:          **July 9, 2025**, for Plaintiff

                                     **August 8, 2025**, for Defendants

(e) Termination of discovery:        **October 7, 2025**

(f) Motions relating to discovery:    **October 28, 2025**

(g)  All other motions:                               **November 12, 2025**[1]

(h)  The deadline for filing the proposed final pretrial order and the dates for final pretrial conference and trial will be set by the presiding judge.

Any extension of the case management deadlines must be approved by the Court.  The parties, however, may extend their response and reply deadlines "by agreement of all parties" if "[f]or each agreed extension, the party requesting the extension . . . file[s] a notice identifying the new deadline and the document (response or reply) to be filed." D.N.M.LR-Civ. 7.4(a). Any extension of these briefing times must not interfere with the case management deadlines established herein.

Requests by a party to change the timing or scope of discovery must be made by motion and before the termination of discovery or the expiration of any applicable deadline.  A written discovery request must be propounded by a date which ensures that the response to that request is due on or before the discovery deadline. The cutoff for motions related to discovery does not relieve the party of the twenty-one-day time period under Local Rule 26.6 to challenge a party's objections to answering discovery.  The parties must disclose *all* testifying witnesses, not just those for whom a report is required.  *See* Fed. R. Civ. P. 26(a)(2).

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE

---

[1] This deadline applies to motions related to the admissibility of experts or expert testimony that may require a *Daubert* hearing, but otherwise does not apply to motions in limine.  The presiding judge will set a motions-in-limine deadline in a separate order. Counsel should review and comply with the chambers-specific guidelines for the presiding and referral judges assigned to this case, which are available at https://www.nmd.uscourts.gov/judges. Each judge may have practices and submission procedures that counsel are expected to follow.